Ronald J. Friedman, Esq., the Subchapter V Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

Notice of Hearing: April 25, 2024
Time: 10:00 a.m.

Objections Due: April 18, 2024
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

IN RE:

BETHELITE COMMUNITY BAPTIST
CHURCH INC.,

                  Debtor.

Chapter 11
Case No. : 23-11984 (MG)

-------------------------------------------------------------X

## SUMMARY SHEET

NAME OF APPLICANT:    Ronald J. Friedman, Esq.
ROLE IN CASE:    Subchapter V Trustee
FEES PREVIOUSLY REQUESTED:    None
FEES PREVIOUSLY AWARDED:    None
EXPENSES PREVIOUSLY AWARDED:    None

CURRENT APPLICATION:
    FEES REQUESTED:    $5,402.50
    EXPENSES REQUESTED:    $    0.00

FEE APPLICATION:

| Names of Professionals and Paraprofessionals | Year Admitted | Hours | Rate | Total for Application |
|---|---|---|---|---|
| Ronald J. Friedman, Esq. Partner | 1997 | 1.5 | $800.00 | $1,200.00 |
| Haley Trust, Esq. Associate | 2017 | 7.0 | $400.00 | $2,800.00 |
| Lynne Manzolillo, Paralegal | N/A | 5.10 | $275.00 | $1,402.50 |
| TOTAL FEES INCLUDING THE BLENDED HOURLY RATE | | 13.60 | $397.24 | $5,402.50 |
| TOTAL FEES REQUESTED | | | | $5,402.50 |

1

Ronald J. Friedman, Esq., the Subchapter V Trustee  
100 Jericho Quadrangle, Suite 300  
Jericho, New York 11753  
(516) 479-6300

Notice of Hearing: **April 25, 2024**  
Time:  **10:00 a.m.**

Objections Due: **April 18, 2024**  
Time:  **4:00 p.m.**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------------X  
IN RE:

BETHELITE COMMUNITY BAPTIST  
CHURCH INC.,  
                    Debtor.  
------------------------------------------------------------X

Chapter 11  
Case No. : 23-11984 (MG)

### APPLICATION FOR FIRST AND FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY RONALD J. FRIEDMAN, ESQ., THE SUBCHAPTER V TRUSTEE

Ronald J. Friedman, Esq., the Subchapter V Trustee (the "Applicant" or "Trustee") respectfully submits its application for first and final allowance of compensation and reimbursement of expenses (this "Application") pursuant to section 330 of title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and General Order 613, dated June 4, 2013 Re: Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Guidelines"), and sets forth as follows:

**PRELIMINARY STATEMENT**

1. This Application covers the period of December 14, 2023, through and including March 13, 2024 (the "Application Period") for services rendered as Subchapter V Trustee of the estate of Bethelite Community Baptist Church Inc. (the "Debtor"), and is seeking, Five Thousand Four Hundred Two and 50/100 ($5,402.50) Dollars for 13.60 hours of professional services during the Application Period.

2

## BACKGROUND

2. On December 12, 2023, the Debtor filed a voluntary petition for relief in accordance with Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (this "Court").

3. On December 14, 2023, Ronald J. Friedman, Esq., was appointed the Subchapter V Trustee of the Debtor's estate pursuant to 11 U.S.C. § 1183(a).

4. All services for which compensation is requested by this Application were performed by the Trustee in this case and not on behalf of any committee, creditor, entity or person. Applicant has received no compensation for the services herein specified, and no allowance or application has been previously made for the services rendered.

5. The Court has jurisdiction to hear this Application under 28 U.S.C. §§157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (N), and (O). The statutory predicates for relief sought herein are Bankruptcy Code §§ 330, and Bankruptcy Rules 2002 and 2016.

## RELIEF REQUESTED

6. In this Application, Applicant seeks a first and final award of fees in the amount of Five Thousand Four Hundred Two and 50/100 ($5,402.50) Dollars.

7. Applicant is an attorney concentrating in the practice of, inter alia, bankruptcy and insolvency related matters. In this regard, Applicant has extensive experience as a chapter 11 liquidating trustee, post-confirmation trustee, creditors' trust trustee, plan administrator, receiver, and in representing trustees, debtors, creditors, and creditors' committees in bankruptcy proceedings before the Bankruptcy Courts in both the Eastern and Southern Districts of New York. As a result of Applicant's extensive experience, Applicant submits that the services it rendered in this case, as

set forth below, were efficient, economical, and effective.

8.  All of the services which Applicant necessarily performed for the benefit of the estate are set forth in the time logs (the "Time Records") annexed hereto as **Exhibit A**. Applicant respectfully refers the Court to the Time Records for the details of all work performed by the Trustee for this estate. The Time Records list the services performed by the Applicant and set forth the days when such services were rendered, the nature of the services performed, and the time expended for such services. The Time Records are created contemporaneously with the rendition of the services and reflect Applicant's recorded time for the legal services rendered. Applicant has expended a total of 13.60 hours in the rendering of legal services in this matter.

9.  The billing rate for the Trustee referenced in the Time Records is equal to the billing rate for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. Applicant believes that these rates constitute market rates and are equal to or less than the rates charged by professional with similar experience. No premium or bonus is sought by this Application.

**PROFESSIONAL SERVICES RENDERED DURING THE APPLICATION PERIOD**

10. The summary that follows does not constitute a complete recitation of all services that were performed by Applicant during the pendency of the Debtor's case and serves only to summarize those services of major importance, which required Applicant's special attention, efforts, and skill

11. In his capacity as Trustee in this matter, Applicant performed the following legal services, which include, but are not limited to:

   a.  examined the Debtor's petition and schedules for the purpose of ascertaining whether the information contained in those documents indicated the existence of any legal claims, rights or actions which could be pursued for the

benefit of the estate;

b. prepared for and attended conference calls with the Office of the United States Trustee regarding the Debtor's criteria for Subchapter V qualification and designation of case;

c. drafted and submitted the Verified Statement of Subchapter V Trustee;

d. corresponded with Debtor's counsel regarding the Initial Debtor Interview (the "IDI") and requested documents to prepare for the IDI;

e. reviewed financial records supplied by Debtor's counsel;

f. prepared for and attended IDI;

g. reviewed and responded to correspondence from the Office of the United States Trustee and Debtor's counsel regarding IDI;

h. attended conference calls regarding the follow up to the IDI to discuss Debtor's financials and potential ability to reorganize;

i. prepared for and attended the Debtor's Section 341(a) First Meeting of Creditors (the "341 Meeting");

j. conferred with Debtor's counsel regarding status of Debtor's bankruptcy case and to review the motion of the Tax Lien Trust ("TLT"), for relief from the automatic stay with respect to the Debtor's real property and the objection of the TLT to the Debtor's Subchapter V election;

k. attended the follow up telephone conference with Debtor's counsel regarding the status report filed by the Debtor;

l. prepared for and attended the status conferences held before this Court;

m. reviewed the Debtor's filed operating reports;

n. reviewed the Debtor's amended voluntary petition to remove the Subchapter V designation and loan commitment documents;

o. reviewed the Debtor's monthly operating reports;

5

p. drafted and filed the Trustee's Repot of No Distribution; and

q. drafted and finalized this Application for reimbursement of fees due Applicant in connection with this matter.

## CASE ADMINISTRATION

12. Applicant reviewed the Debtor's voluntary petition and schedules and communicated with the Office of the United States Trustee and Mark E. Cohen, Esq., in his capacity as counsel to the Debtor ("Cohen") regarding preparation for Initial Debtor Interview, §341 Meeting. Applicant further reviewed tax returns and documents regarding the Debtor's financials, as well as correspondence regarding the Debtor's criteria for subchapter V qualification. Applicant communicated frequently with Cohen regarding document production, appearance at required hearings, and for follow up documents requested to allow the Trustee to properly determine the extent of the Debtor's assets and financial condition.

13. Applicant prepared for and attended the IDI, Section 341 Meeting, and the status conferences and other hearings conducted by the Court.

14. Applicant further reviewed motions filed by the Debtor and other parties in interest related to the Debtor's motion for relief from the automatic stay filed by the Tax Lien Trust with respect to the Debtor's real property and conferred with Debtor's counsel.

15. On March 5, 2024, the Debtor filed an amended voluntary petition to remove the Subchapter V designation (ECF Doc. No. 37)/.

16. On March 11, 2024, Applicant filed his Report of No Distribution (ECF Doc. No. 42).

## APPLICANT'S FEE APPLICATION

17. As set forth above, Applicant has provided services reasonably valued at Five Thousand Four Hundred Two and 50/100 ($5,402.50) Dollars. The blended hourly rate for the

time spent by the Applicant, the attorneys, legal assistants and paraprofessionals employed by Applicant, equals $397.24 per hour.

## COMPLIANCE WITH GUIDELINES FOR
## FEES AND DISBURSEMENTS FOR PROFESSIONALS

18. This Application is in compliance with the Guidelines as set forth in the Certification of Ronald J. Friedman, Esq., dated March 14, 2024, which is annexed hereto as **Exhibit B**.

## LEGAL STANDARD

19. When reviewing compensation owed to Trustees and professionals retained by a Trustee, the Court must make a determination that the fees are reasonable based on the set of factors set forth in Bankruptcy Code §330(a)(1)(A) and §330(a)(1)(B)[1]. Bankruptcy Code §330 states, in relevant part, that the factors a Court must consider include:

   a. the time spent on such services;

   b. the rates charged for such services;

   c. whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

   d. whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

20. The Trustee submits that each factor listed in Bankruptcy Code §330(a)(1)(A) weighs in favor of a determination that the fees sought in this Application are reasonable.

21. Applicant spent the appropriate amount of time for each task, as evidenced by the

---

[1] *See In re The Robert Plan Corporation*, 2012 Bankr. LEXIS 3838 (Bankr. E.D.N.Y. Aug. 12, 2012).

7

Time Records.

22. All of the services provided by the Applicant were completed within a reasonable amount of time based on the complexity and importance of each task.

23. Courts, when reviewing fee applications, generally use the "lodestar" approach pursuant to which the Court first establishes a reasonable hourly rate of compensation based on the value of the services provided and the cost of comparable services, and then multiplies such rate by the reasonable number of compensable hours.[2]

24. As recognized by the United States Supreme Court, it has been made clear that the lodestar approach includes each of the factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express.[3]

25. Applicant respectfully requests that this Court consider that the services required to be performed have been efficiently performed with effective results. Applicant has expended time investigating and analyzing the financial affairs of the Debtor. Further, Applicant prepared for and attended the IDI, 341 Meeting, and other status conferences and hearings in this case. Accordingly, Applicant submits that the allowance of fees sought by this Application for all services rendered is fair and reasonable.

---

[2] See Busy Beaver, 19 F.3d at 849.

[3] 488 F.2d 714 (5th Cir. 1974). See Pennsylvania v. Delaware Valley Citizens Counsel for Clean Air, 478 U.S. 546, 563 (1986); see also In re Cena's Fine Furniture, Inc., 109 B.R. 575, 581 (E.D.N.Y. 1990).

Factors that courts have considered when reviewing fee applications include: (a) the amounts resulting from time and labor devoted and the results achieved to date; (b) the novelty and difficulty of the questions presented; (c) the skill requisite to performing properly the legal services; (d) the preclusion of other employment; (e) the customary fee to private clients for the services rendered; (f) awards in similar cases; (g) time constraints required by the exigencies of the case, including the frequency and amount of time required to be devoted other than in regular business hours; (h) the experience, reputation, and ability of the attorney rendering services; and (i) the nature and length of the professional relationship with the client. See Johnson v. Georgia Highway Express, 488 F.2d at 717-19; In re First Colonial Corp. of America, 544 F.2d 1291, 1294 (5th Cir. 1977), cert. denied, 431 U.S. 904 (1977).

26. No agreement or understanding exists between Applicant and any other person for the sharing of compensation received for services rendered in connection with Applicant's appointment. Moreover, no division or compensation will be made by Applicant and no action prohibited by Bankruptcy Code §504 has been made or will be made by Applicant.

27. Furthermore, Applicant has received no payment and no promises for payment from any source for services rendered in connection with this chapter 11 case. No other application has been submitted to this or any other court for the relief requested herein.

**WHEREFORE,** Applicant respectfully requests the entry of an order awarding First and Final Allowance for Compensation for services rendered in the amount of Five Thousand Four Hundred Two and 50/100 ($5,402.50) Dollars, and for such other, further and different relief as this Court may deem just and proper.

Dated: Jericho, New York
March 14, 2024

                                    **RONALD J. FRIEDMAN, ESQ.,**
                                    the Subchapter V Trustee

By: *s/Ronald J. Friedman*
     Ronald J. Friedman
     Member of the Firm
     100 Jericho Quadrangle, Suite 300
     Jericho, New York 11753
     (516) 479-6300